**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROC OPCO LLC d/b/a ROC SKINCARE, | Case No. 1:24-cv-02615-ER |
| Plaintiff, | |
| v. | [PROPOSED] PROTECTIVE ORDER |
| JOHN DOES, 1-10, | |
| Defendants. | |

The Court enters the following Protective Order governing the disclosure of Confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1. **Definitions.** As used in this Order:

    a. "Action" refers to the above-captioned litigation.

    b. "Discovery Material" includes all information exchanged between the parties in this Action. Discovery Material includes information within documents and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

    c. A "Producing Party" is a party to this Action that produces Discovery Material in this Action.

    d. A "Receiving Party" is a party to this Action that receives Discovery Material from a Producing Party in this Action.

2. **Confidential Discovery Material.** This Protective Order applies to all Confidential Discovery Material produced or obtained in this Action.

3. **Manner of Confidential Designation.** A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

    a. For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

    b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*,

1

         by using highlighting, underlining, or appropriate markings in the margins).

    c.     If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

4. **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:

    a.     The Parties, including any members, council members, officers, board members, directors, or employees;

    b.     Legal counsel representing the parties in this Action, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or provide messenger or other administrative support services; and

    c.     The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, including persons operating video recording equipment.

5. **Limitations on Use.** Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, and shall be used only in connection with this Action.

    Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

    Nothing herein prevents the Receiving Party from contacting or otherwise taking action against the supplier or suppliers identified in the Discovery Material for purposes other than this Action if the identities of or information about the supplier(s) (i) are already known to the Receiving Party prior to receiving the Discovery Material, or (ii) are independently learned by the Receiving Party subsequent to production of the Discovery Material.

6. **Docket Filings.** A party seeking to file documents containing confidential Discovery Material under seal must comply with this Court's rules and electronic docketing procedures for filing motions for leave to file under seal if filed in this Action

7. **Use at Court Hearings and Trial.** Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding,

including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

8. **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

9. **Jurisdiction.** This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder.

Dated: New York, NY
July 1, 2024

Prepared and approved by:

/s/
Carli Aberle
Mintz & Gold LLP
600 Third Ave. 25th Floor
New York, NY 10016
Telephone: (212) 696-4848
Email: aberle@mintzandgold.com

**SO ORDERED:**

_____
Edgardo Ramos, U.S.D.J.
Dated: ___7/2/24___
New York, New York

4